United States District Court
Eastern District of Michigan
Southern Division

United States of America, )
      Plaintiff, )
       ) Case No. 25-cr-20202
    V. )
Dorian Trevor Sykes, ) Hon. Robert J. White
      Defendant. )
            /

## Defendant's Sentencing Memorandum

NOW COMES, Defendant Dorian Trevor Sykes, pro se, hereby, respectfully submits his sentencing memorandum as set forth.

Considering the factors under 18 U.S.C. §3553(a), Defendant moves this Honorable Court to impose a sentence of 129 months of imprisonment on Counts 1 through 4 to be run concurrent, and to be followed by a strict 3-year term of supervision. Such a sentence would be consistent with the average and median length of imprisonment having been imposed on similarly situated defendant's, pursuant to the information from the United States Sentencing Commission's JSIN database, which was provided to the Court in the Presentence Investigation Report. A sentence of 129 months will not only acknowledge the seriousness of Defendant's crimes and criminal history, it would also not be greater than necessary.

In the present case, the Presentence Reports holds that defendant is in fact a career offender, citing two prior conv. -tions for bank robbery as his predicate offenses now triggering his exposure to a sentence enhancement under §4B1.1.

However, defendant's first predicate bank robbery conviction was committed when defendant was just 19 years of age. Under §5H1.1 prior youthful offenses, coupled with defendant's traumatic childhood and pathological gambling disorder, culpability is in question given the risk factors that may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, and familial relationships. In addition, youthful individuals generally are more impulsive, and susceptible to outside influence as their brains continue to develop into young adulthood. (See, U.S Sent'g Guidelines Manual §5H1.1 (U.S. Sent'g Comm'n 2024)).

Defendant's second predicate bank robbery conviction qualifies categorically as a "crime of violence" for guideline purposes, merely because §2113(a) itself deems all bank robberies as being a crime of violence. However, defendant's second predicate did not involve a weapon, resulted in no physical injury, there

-2-

was a limited loss of $810, and the offenses were committed by defendant passing a note to the teller.

While defendant does not attempt to minimize his prior convictions, because he accepts the responsibility of his prior offenses. The Sixth Circuit, Congress, nor the U.S. Sentencing Commission intended requirement be given controlling weight to guideline enhancements that overstate culpability. (Concepcion v. United States, 597 U.S. 481, 488 94 (2022)).

Nothing in the Guidelines or Sixth Circuit precedent requires this Court to impose a sentence driven by §4B1.1 where doing so would frustrate the parsimony principle.

A. Bank Robbery Predicates Often Overstate Seriousness

While bank robbery is classified as a "crime of violence" for guideline purposes, the Sixth Circuit has recognized that not all predicate offenses carry equal weight for sentencing purposes. Where prior bank robberies involved no weapon, no physical injury, and limited loss, rigid application of the Career Offender guide-line risks treating materially different defendants as if they posed the same danger.

The Career Offender guideline "sweeps broadly," and sentencing courts retain discretion to assess whether prior convictions meaningfully predict future dangerousness or justify the dramatic increase in punishment imposed by §4B1.1. (see, Herrera-Zuniga, 571 F.3d at 584).

In the present case, defendant's bank robbery predicates while serious do not reflect the type of violent, high-risk conduct that warrants the extraordinary escalation produced by the Career Offender guideline. Treating these prior offenses as dispositive would undermine the individualized sentencing required by §3553 (a).

B. Bank Robbery Predicates Warrant Careful, Individualized Assessment

While bank robbery qualifies categorically as a "crime of violence" for guideline purposes, §3553(a) requires a qualitive, not categorical assessment of prior offenses.

Here, defendant's second predicate involved no weapon, resulted in no physical injury, and did not involve conduct suggesting an escalating pattern of violence. (Defendant's second predicate was actually a de-esculation from the conduct of his first predicate committed at the age of 19.) The Career Offender guideline treats these predicates the same as armed robberies

- 4 -

involving firearms, threats of lethal force, or physical injury. That lack of differentiation is precisely why the Sixth Circuit has authorized district courts to discount §4B1.1 where it overstates seriousness or risk. (See, United States v. Michael, 576 F.3d 323, 327 28 (6th Cir. 2009); United States v. Hymes, 19 F.4th 928, 936 38 (6th Cir. 2021).

C. The Government's Likely Arguments Do Not Compel Application of Career Offender enhancements under §4B1.1

The government may argue that:

bank robbery is inherently violent; or

repeated convictions demonstrate recidivism warranting the Career Offender enhancement. Sixth Circuit law forecloses the notion that either argument is dispositive.

First, categorical qualification does not require categorical sentencing severity. Courts remain obligated to evaluate the nature and circumstances of prior offenses under §3553(a). Herrera-Zuniga 571 F.3d 568, 584 (6th Cir. 2009).

Second, recidivism alone does not mandate application of §4B1 where the resulting range is greater than necessary. The Sixth Circuit has expressly rejected the argument that a sentencing court must give controlling weight to the Career Offender

-5-

guideline simply because it applies. (see, Payton, 754 F.3d at 378 79.)

    D. Case No. 19-cr-20550 does not qualify as a predicate under §4B1.1

    In evaluating the nature, circumstances, and conduct involved in case no. 19-cr-20550, what the Court has before it is a non-violent bank robbery. This predicate was initially to be charged in state court, and under Michigan State law the conduct involved in said bank robbery, is known as being a "property crime", not a crime of violence.

    However, the U.S. Probation Department in it's Presentence Report, essentially asks the Court to disregard the clear guidance set forth by the Supreme Court in Shepard v. United States, 544 U.S. 13 (2005), where it was held that for purposes of the Armed Career Criminal Act: (1) A sentencing court was not permitted to look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary.

    In the present case, the U.S. Probation Department solely relies on police reports, and or criminal complaint applications as it relates to the alleged conduct involved in predicate case no. 19-cr-20550. This violates the Supreme Court's guidance on how Courts must utilize the "Shepard documents". Under Shepard, The Sentencing Court's inquiry into an earlier plea of guilty is limited to (a) the statutory definition of the offense in question, (b) the charging

-6-

document, (c) a written plea agreement, (d) the transcript of a colloquy between the trial judge and the accused in which the factual basis for the plea was confirmed by the accused and (e) any explicit factual finding by the trial judge to which the accused assented.

A review of the written Rule 11 plea agreement, the plea hearing colloquy transcript, and Indictment Re: Case No. 19-cr-20550 will ascertain that at no time did Defendant assent to any conduct deemed to be violent, such as using a threat of death. For the reasons stated herein Case No. 19-cr-20550 fails to qualify as a predicate under the §3553(a) qualitive assessment of the conduct.

E. Instant Offense does not qualify under the §3553(a) qualitive assessment of conduct to trigger §4B1.1

In the present case, the U.S. Probation Department attempts to use police reports and the Criminal Complaint to determine that Defendant made a threat of death during two of the four charged bank robberies. However, should the Court review the "Shepard documents," such as the Rule 11 plea agreement, the plea hearing colloquy transcripts, and Defendant's confession to the FBI, the Court will ascertain that Defendant has maintained that at no time did he make any threats or threats of death.

As with Defendant's prior criminal case no. 19-cr-20550, the instant offense is a non-violent bank robbery, that requires still a qualitive, not categorical assessment under §3553(a).

-7-

Should the Court recall the September 30th, 2025, plea hearing colloquy, when the Government and Defendant both initialed over Coun 2 found on page 4 of 20 in the Rule 11 plea agreement. Both parties had agreed to remove from the factual basis that Defendant had pointed to his side.. (See, ECF No. 65, PageID.302). In Court 3 the Government had previously agreed to remove from the factual basis, that Defendant allegedly stated he had a gun... and would kill everyone. (See, ECF No. 65 PageID.303).

In sum, there is no evidence from which the Court can draw an inference that Defendant at any time in fact made a "Threat of Death," or that at any time was anyone placed in imminent risk of serious potential physical danger, which is requisite in defining a bank robbery as a qualitive "crime of violence".

## F. A Variance Best Serves § 3553(a)

Should the Court find that Defendant is in fact a career offender under §4B1.1, a sentence below the Career Offender guideline range in this case would not diminish the seriousness of bank robbery. It would ensure that punishment is individualized, proportion -ate, and no greater than necessary exactly as §3553(a) and Sixth Circuit precedent require. A measured variance from the Career Offender guideline range would be consistent with the sentencing practice throughout the Eastern District of Michigan.

-8-

G. Similarly Situated Defendant's Received Variance(s)

In the case of United States v. Allante Jones, 2:25-cr-20139, Hon. Laurie J. Michelson. Defendant was deemed to be a career offender with a guideline range of 151-188 months. Defendant was also on supervision when he committed the instant offense. Considering Defendant's mitigating factors, Judge Michelson granted a downward variance of 55 months, and sentenced Jones to 96 months imprisonment on February 10th, 2026.

United States v. Daron Christopher King, 12-cr-20198 PDB-RSW (USDC EDMI) Judge Paul D. Borman. Career Offender guidelines of 151-188, sentenced to downward variant sentence of 80 months - Affirmed by the 6th Circuit at 553 Fed. Appx. 518 (6th Cir. 2014). Although the career-offender range was calculated, the sentence imposed was below that range and reflected the court's independent assessment of the §3553(a) factors rather than strict adherence to § 4B1.1.

In determining an appropriate sentence, the court must consider the factors under 18 U.S.C. §3553(a), make an "individualized assessment", and address how the facts of the case relate to the goals of sentencing. (See, Kimbrough v. United States, 552 U.S. 85, 49-50, 53-60 (2007); Pepper v. United States, 562 U.S. 476, 492 (2011).

-9-

H. Prayer for Relief

Defendant seeks a sentence of <u>129</u> months of imprisonment as the resolution of this case. Said sentence is lengthy enough to acknowledge the seriousness of the crimes before the Court, while also giving weight to Defendant's criminal history. Such a sentence would be in alignment with promoting the fair Sentencing with similarly situated defendant's. (See, Paragraph 137, Presentence Investigation Report, JSIN).

Defendant asks that the Court treat the <u>129</u> months of imprisonment as [it's] starting point, and allow Defendant to separately motion the Court for either downward departure(s) and or downward variance(s), which will individually address Defendant's mitigating circumstances and the §3553(a) factors.

Date: March 25th, 2026

Respectfully,

Dorian T. Sykes

Dorian Trevor Sykes
Defendant.
Pro se

-10-